Prevatte v. Krueger, Mr. Mitchell May it please the Court, I am Jay Mitchell on behalf of the Petitioner Appellant Russell Prevatte Mr. Prevatte was only 23 years old when he was convicted of the crime of simple arson and he's now serving a 44 year sentence for that offense. And that offense only carried a statutory maximum of 10 years at the time of his sentence and conviction. As we stand here today, Mr. Prevatte has been incarcerated for the past 24 years and has thus spent more than half of his entire life behind bars. But there's a problem with the pipe bomb and this innocent woman who was killed when it was detonated. That's why we're here in terms of, and also why the sentence is where the sentence is. Right, and that's correct. So the pipe bomb went off and at sentencing the district judge found, based on the pre-sentence investigation report, that the pipe bomb killed Ms. Ankowitz. However, that question was never put to the jury. So there was never any instruction to the jury about the death results provision that would enhance the sentence above the 10 year statutory maximum. There was never any mention to the jury at all about the death of Ms. Ankowitz. Well, she did die, didn't she? That's incontroverted, yes. And it was from the bomb, wasn't it? She did just have a fit when she heard the noise or something. Right, so our argument here is that that finding was never made. So all we have here is we don't know what the jury would have found, whether the bomb killed her or not. We're not arguing that it didn't or that the jury couldn't have found it. We're saying that they never made that finding. And that's in contravention of Burrage, which requires that the defendant is found guilty of the offense of arson resulting in death before he can be subject to that enhanced sentence. Here, he was never convicted of that aggravated offense, but only of the offense of simple arson. And that's the basis for us arguing that his sentence was, therefore, illegal and void, which is consistent with how the Supreme Court and this Court have treated sentences that violate new substantive rules. Now, the judge below erred in dismissing Mr. Prevatt's claim, because the case that he relies on, which is Burrage, is indeed a statutory interpretation case that applies retroactively on collateral review. And the government agrees with us that this case is indeed retroactive, and that it's a statutory interpretation case. Second, this Court has made clear that a petitioner like Mr. Prevatt can actually challenge his sentence in a 2241 proceeding, and he doesn't – basically, a 2241 proceeding is not reserved just for challenges to convictions, as the district court below has erroneously stated. And finally, Mr. Prevatt's sentence for count two violates a new substantive rule in Burrage, which requires a but-for causation finding. The proper standard here is thus the miscarriage of justice test, and not the actual innocence test that the government and the court below insists on. And that miscarriage of justice standard is pretty high, particularly given the facts in this case. So the standard, it's a legal one. In Narvaez, for example, the court said that Mr. Narvaez was subject to a career offender status, and they said that that meets the miscarriage of justice standard because he was illegally given a status that he could not have had under the law. And here we think that being sentenced for an offense for which you were never convicted is even greater, and therefore we believe that this error also would satisfy the miscarriage of justice test. But there's no dispute that that was the but-for cause of her death, right? So nowhere in the record was that finding ever made. No, it didn't make the argument. It didn't say that. No, that pipevine didn't kill her. That argument was not made, was it? So that's correct. We did not make the argument. Our argument is that his sentence violates Burrage, which requires a but-for cause finding, which that finding was never made, and therefore his sentence for an offense. You can't make a finding if someone doesn't make a claim, do they? So, I mean, that would have been the at the time of Mr. Prevatt's conviction and of his trial, that was not a requirement in this circuit, and therefore the government didn't need to even prove that or put to the jury that a death resulted, which is why they didn't. And in that procedural posture, there's no way that this but-for question could have come up in a trial, and that's the entire issue here is that there's never a chance for such an argument to be made, and for us to make that in retrospect today, as government insists that we haven't argued that, it wasn't a but-for cause. I think it's misplaced, and it's asking us to replace the juror's function, which as far as I know, that's not how our system works. And to simply put, Mr. Prevatt does not need to claim that he's actually innocent of this conviction, because there was no conviction to start with. He was convicted of arson resulting in death. He was sentenced for aggravated arson. I'm sorry, he was convicted of simple arson, but he was sentenced for aggravated arson, which is arson resulting in death. Mr. Prevatt's claim on appeal. I was just looking at the red light. You've used up your rebuttal time, I think. Well, I thank the courts for it. Well, we'll give you a minute of rebuttal later. Okay, I appreciate it. Thank you. Mr. Walters. Good morning, Your Honors. May it please the Court, Greg Walters on behalf of Warden Kruger and the United States. In In re Davenport and its successors, this Court has held that when there is a change in law that is retroactive, that shows a fundamental defect in the sentence or in the conviction, then 2241 can be used when there's an impediment under 2255 to bringing that claim or implementing the Supreme Court decision. The key question is, what is the change in law that is retroactive? In Burrage, the change in law that is retroactive is that but for causation is a required showing for the death results enhancement. The change in law was not that that is a determination to be made by a jury. That decision was made long ago when Apprendi and then its successors continuing through Alleyne. And as much as Mr. Provatt tries in his brief to say he is not making an Apprendi or Alleyne claim, that is exactly what he is making when he says that the jury did not make the finding. Of course they did not because back at that time it was understood to be a sentencing factor that could be found by a judge at sentencing. And I think in his oral argument, actually he's really argued himself out of court in saying that there was a miscarriage of justice because I'm paraphrasing but trying to quote. He said, we are not arguing that the bomb didn't kill Emily Ankawitz. We are not arguing that a jury couldn't have found that. Absent that argument, Your Honor, absent demonstrating that, he cannot demonstrate a miscarriage of justice under Davenport and its successor cases. There is one holding in Burrage, and that dealt with the statutory construction of what does a death or serious bodily injury result from. That's the single holding addressing the meaning of that phrase. It had nothing to do with the respective role of the judge or jury. That was answered by Alleyne and its successors. So we agree, and we agreed in our brief, that does Davenport and its successors, can they apply to a sentence or a sentencing factor? Yes, but there has to be a miscarriage of justice. The sentence has to be unlawful because of a substantive rule, not a procedural rule, and that jury did not make this finding as a procedural argument, not a substantive argument. Unless there are questions from the bench, we rest on the rest of our arguments in the brief and would ask that the court affirm the judgment of the district court as modified to reflect that it's based on 2255E instead of a lack of subject matter jurisdiction. Okay, thank you, Mr. Walters. Yeah, Mr. Mitchell. So I just want to respond quickly to the government's position that by saying we're not arguing that the bomb didn't kill or that it wasn't but for a cause that we've argued ourselves in court. I think that mischaracterized our argument. In Lawler, for example, this court, after finding that the distribution of drugs resulting in death was not a part of Ms. Lawler's conviction, the court said her sentence for that offense was, therefore, unlawful. It didn't ask the petitioner there to argue that the drugs didn't actually kill the person. It just says that was not a part of her conviction and, therefore, being sentenced for that is a mischaracterized justice and, therefore, it's unlawful. The second point I want to respond to is the government's insistence that our argument is an Apprendi argument and not a Burrage argument. That argument ignores the very meat of this issue, which is that but-for-cause is required, and but-for-cause was never found. And, therefore, Apprendi said nothing at all about but-for-causation. All Apprendi said was that in order for whatever facts that increases a defendant's sentence above a statute of maximum must be found by a jury beyond a reasonable doubt. It said nothing at all about but-for-causation. Here we're saying that the court at trial never found that the arson was a but-for-cause of the death of Ms. Antkowitz, and, therefore, that is in violation of Burrage's but-for-cause requirement. And, finally, this argument that you can take Burrage's rule and somehow split it into two and say but-for-cause is required by Burrage but not the fact that it needs to go back to the jury and prove beyond a reasonable doubt does not square with Supreme Court cases. For example, in Montgomery, that was decided earlier this term, the Supreme Court made retroactive a rule from Miller v. Alabama, which had a procedural component, and the Supreme Court said the procedure and the substance is what constitute an entire rule. There's a peculiar bizarreness about the case, since there's absolutely no question that the bomb killed her. This is legalism at its worst when you vitiate a sentence on no basis at all except some technicality. I think that this is the type of case where you're not convicted of an offense and you're serving time for that offense. And that's not how the court system works. There are certain guarantees, and Burrage provides that very guarantee, and it reinforces that a defendant can only be convicted of a sentence of an offense that they were convicted of, and it defines that offense. And now the fact that at trial the government didn't try to ask the court to instruct the jury about the death, but instead they went for this arson, which is a very serious crime, and he's been in prison for over 24 years. He served a lot of time. But instead of saying we're going to go for arson resulting in death, or try to prove the death, they just went for arson, and then at sentencing the judge says there was a death, therefore we're going to increase your sentence four times, which initially was actually life imprisonment, and it's been reduced to 44 years. But, I mean, regardless of the facts here, it doesn't square with the law. It doesn't square with what a Supreme Court says about how people are found guilty and how their sentences square with the conviction for the offense that they committed. And that's the basis for argument. And given that, we ask that the court reverse the district court's decision and remand for sentencing. If there are no more questions, thank you. Okay, well, thank you very much to both counts. You were court appointed, is that correct? Yes. We appreciate your work. Thank you. My pleasure.